**BROWN & CONNERY LLP**
William F. Cook, Esquire
Joseph T. Carney, Esquire
360 North Haddon Avenue
Westmont, New Jersey 08108

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SALVATORE AND JACQUELINE CAPUTO**<br>**401 Cornwall Road,**<br>**Cherry Hill, NJ 08034**<br><br>**MIGUEL RIVERA**<br>**400 King George Road,**<br>**Cherry Hill, NJ 08034**<br><br>**THANH BUI AND HOA NGUYEN**<br>**410 King George Road,**<br>**Cherry Hill, NJ 08034**<br><br>**CHRISTINA MORALES AND ABRAHAM ORTIZ**<br>**412 King George Road,**<br>**Cherry Hill, NJ 08034**<br><br>**HEATHER BARBER AND MARK BARBER**<br>**413 King George Road,**<br>**Cherry Hill, NJ 08034**<br><br>**JASON HOFFMAN AND TIFFANY HOFFMAN**<br>**414 King Goerge Road,**<br>**Cherry Hill, NJ 08034**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CHERRY HILL TOWNSHIP**<br>**820 Mercer Street**<br>**Cherry Hill, NJ 08002**<br><br>**Defendants.** | Removed from the<br>Superior Court of New Jersey, Law Division, Civil Part<br>Camden County<br><br>CAM-L-2037-24<br><br>**NOTICE OF REMOVAL** |

**TO:** Clerk of the Court
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

**PLEASE TAKE NOTICE** that Defendant Township of Cherry Hill, by and through their undersigned counsel, hereby remove this matter pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 from the Superior Court of New Jersey, Law Division, Camden County (the "State Court") to the United States District Court for the District of New Jersey, Camden Vicinage.

In support of this Notice of Removal, Township Defendants respectfully state as follows:

**BACKGROUND**

1. On July 2, 2024, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Civil Part, Camden County (Ex. A, State Court Complaint). Plaintiff alleges violations of federal law, including but not limited to 42 U.S.C. § 1983 and the Fifth Amendment (see State Court Complaint, ¶ 47).

2. The Township was served on July 5, 2024.

**BASIS FOR REMOVAL**

3. This Court has original jurisdiction over the above-captioned matter under the provisions of 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States.

4. The pending action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court by the Township pursuant to the provisions of 28 U.S.C. § 1441, including sections 1441(a) and 1441(c).

5. This Court has supplemental jurisdiction over the remaining counts of the Complaint under 28 U.S.C. § 1367 because they arise from the same case or controversy.

**REMOVAL IS TIMELY**

6. This Notice of Removal is being filed within thirty (30) days of July 5, 2024, the date on which the State Court Complaint was served.

7. Pursuant to Fed. R. Civ. P. 6(a) and 28 U.S.C. § 1446(b), this Notice of Removal is timely. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

**VENUE IS PROPER**

8. The United States District Court for the District of New Jersey is the federal judicial district embracing the State Court where Plaintiff originally filed this suit. See 28 U.S.C. § 1441(a).

**STATE COURT NOTIFICATION AND NOTICE TO ALL COUNSEL OF RECORD**

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all counsel of record and will be filed with the State Court.

**MISCELLANEOUS**

10. No admission of fact, law, or liability is intended by this Notice of Removal and the Township expressly reserves all defenses, affirmation of defenses, and motions.

**WHEREFORE,** the Township, by and through its undersigned counsel, and through the filing of this Notice of Removal, serving of a copy of this Notice of Removal on all counsel of record, and filing of a copy of this Notice of Removal with the Clerk of the State Court, effects the removal of said civil action to this Honorable Court.

Respectfully submitted,

**BROWN & CONNERY, LLP**
*Attorneys for the Township of Cherry Hill*

Dated: July 12, 2024

By: s/ William F. Cook
William F. Cook, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2024, the foregoing Notice of Removal was electronically filed with the United States District Court for the District of New Jersey via the CM/ECF system. I further certify that on July 12, 2024, the foregoing Notice of Removal was served on all counsel of record via e-mail, as follows:

**WEIR GREENBLATT PIERCE LLP**
A Pennsylvania Limited Liability Partnership
Patrick T. Krenicky (Id. No. 036112010)
35 Kings Highway East
Haddonfield, New Jersey 08033
pkrenicky@wgpllp.com

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 12, 2024

By: s/ *William F. Cook*
William F. Cook, Esquire

***EXHIBIT A***

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership
By: Patrick T. Krenicky (Id. No. 036112010)
35 Kings Highway East
Haddonfield, New Jersey 08033
(856) 429-7750
(856) 427-0360 (fax)
pkrenicky@wgpllp.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| SALVATORE AND JACQUELINE CAPUTO<br>401 Cornwall Road,<br>Cherry Hill, NJ 08034<br><br>MIGUEL RIVERA<br>400 King George Road,<br>Cherry Hill, NJ 08034<br><br>THANH BUI AND HOA NGUYEN<br>410 King George Road,<br>Cherry Hill, NJ 08034<br><br>CHRISTINA MORALES AND ABRAHAM ORTIZ<br>412 King George Road,<br>Cherry Hill, NJ 08034<br><br>HEATHER BARBER AND MARK BARBER<br>413 King George Road,<br>Cherry Hill, NJ 08034<br><br>JASON HOFFMAN AND TIFFANY HOFFMAN<br>414 King Goerge Road,<br>Cherry Hill, NJ 08034<br><br>Plaintiffs,<br><br>v.<br><br>CHERRY HILL TOWNSHIP<br>820 Mercer Street,<br>Cherry Hill, NJ 08002<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>CAMDEN COUNTY<br><br>DOCKET NO.: CAM-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT** |



***EXHIBIT A***

Plaintiffs, Salvatore Caputo and Jacqueline Caputo, Miguel Rivera, Thanh Bui and Hoa Nguyen, Christina Morales and Abraham Ortiz, Heather Barber and Mark Barber, and Jason Hoffman and Tiffany Hoffman, by and through their counsel, Weir Greenblatt Pierce LLP, file this Complaint against Cherry Hill Township arising from flooding conditions which have resulted in a dangerous condition, nuisance, trespass and taking of real property, and aver as follows:

**PARTIES**

1. Plaintiffs, Salvatore Caputo and Jacqueline Caputo are adult individuals who, since March 2006, have owned and resided at the property located at 401 Cornwall Road, Cherry Hill, NJ 08034 (the "Cornwall Property").

2. Plaintiff, Miguel Rivera is an adult individual who, since August 2020, has owned and resided at the property located at 400 King George Road, Cherry Hill, NJ 08034 (the "400 King Property").

3. Plaintiffs, Thanh Bui and Hoa Nguyen are adult individuals who, since August 1999, have owned and resided at the property located at 410 King George Road, Cherry Hill, NJ 08034 (the "410 King Property").

4. Plaintiffs, Christina Morales and Abraham Ortiz are adult individuals who, since September 2018, have owned and resided at the property located at 412 King George Road, Cherry Hill, NJ 08034 (the "412 King Property").

5. Plaintiffs, Heather Barber and Mark Barber are adult individuals who, since April 1999, have owned and resided at the property located at 413 King George Road, Cherry Hill, NJ 08034 (the "413 King Property").

6. Plaintiffs, Jason Hoffman and Tiffany Hoffman are adult individuals who, since May 2011, have owned and resided at the property located at 414 King George Road, Cherry Hill,

NJ 08034 (the "414 King Property" and together with 400 King Property, 410 King Property, 412 King Property, 413 King Property, and the Cornwall Property, the "Properties").

7. Defendant, Cherry Hill Township (the "Township"), is a municipality located within the County of Camden and the State of New Jersey, with its offices located at 820 Mercer Street, Cherry Hill, NJ 08002.

**JURISDICTION AND VENUE**

8. Venue is appropriate in the Superior Court, Law Division under R. 4:3-1(a)(5) as the action primarily seeks monetary relief and does not involve probate or family law matters, among others.

9. Venue is appropriate in Camden County under *R.* 4:3-2, as this action involves damages to real property located in Camden County, Plaintiffs' causes of action arose in Camden County, and the defendant is located in Camden County.

**BACKGROUND**

10. The Township is a governmental entity whose responsibilities are, among other things, to maintain a stormwater management system within its jurisdictional boundaries and in such a manner as to protect its citizens from flooding.

11. Likewise, the Township is required to meet and maintain certain standards consistent with its own stormwater management guidelines, those of the County of Camden, the state of New Jersey, and by their own ordinance mandated by the Federal Emergency Management Agency ("FEMA").

12. At all times material hereto, the Township authorized, procured, owned, operated, controlled, and maintained the storm water management system at and near the Properties in a dangerous condition as described herein.

13. The Properties at issue in this Complaint are located in the Township near the South Branch of Pennsauken Creek.

14. Due to the Township's faulty and dangerous stormwater management system, the Township's stormwater management system overflows during rain events, and the Properties flood nearly every time there is a significant rain event, with the flood waters entering the Plaintiffs' homes located on the Properties.

15. There have been numerous flood events which have occurred over many years.

16. The Properties have all suffered from continued damages resulting from the flooding caused by the Township's stormwater management system through to the present date, with significant flood events occurring in 2023 and 2024.

17. The Township is aware of the flooding issues, but has undertaken no action that has solved the repeated flooding of the Properties, and the Properties continue to be subject to flooding during major rain events.

18. For example, on multiple occasions in the last two years, water, sewage, and other materials directed on to the Properties by the stormwater management system infiltrated each of the houses located on the Properties causing significant damage to their living spaces, particularly concentrated to the first floor of their houses including several garages, and damage and destruction to Plaintiffs' personal belongings.

19. The houses are flooded with several inches of water, and sometimes feet of water, when there is a significant rain event.

20. Plaintiffs have had to incur significant cleanup costs, and have spent significant sums to make structural repairs to the Properties as a result of the repeated flooding. Many of the Plaintiffs have suffered damage to their motor vehicles and other personal property, and have lost

appliances, tools, toys, equipment, and other personal property including invaluable personal items due to the flooding. Plaintiffs believe, and therefore aver, that mold conditions exist in their homes as a result of the flooding.

21. The Township has not exercised the requisite care with regard to the stormwater management system in and near Plaintiffs' Properties, and has not sufficiently monitored, maintained or engaged in any other material operations to ensure that the stormwater management system is operating correctly.

22. The Township has been aware of the flooding issues and the defects in its stormwater management system for many years but has failed to remedy or correct the flaws in its stormwater management system, and has failed to adequately investigate and determine the cause of the flooding.

23. The Township's lack of oversight with regard to its stormwater management system, failure to undertake proper maintenance, and decisions to allow failures in the stormwater management system to persist over many years has caused and contributed, and continues to cause and contribute to the serious backup of stormwater that floods the Properties and Plaintiffs' homes during significant rain storms, causing each of them massive and repeated damage.

**COUNT I – NEGLIGENCE/DANGEROUS CONDITION**

24. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

25. The Township has a duty to maintain, inspect, repair and operate its stormwater management systems in such a manner as to protect its citizens and residents from flooding and flood damage.

26. The Township has a duty to maintain, inspect, repair and operate its stormwater management systems in such a manner so as not to artificially direct stormwater and/or floodwater toward the Properties and/or cause, increase or endanger Plaintiffs and the Properties with additional stormwater or flooding.

27. Notwithstanding its duty, the Township undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the risk of flooding to Plaintiffs and their Properties by, among other things:

(a) Failing to properly design its stormwater management system so as to avoid creating cumulative impacts of stormwater at or near the Properties thus causing Plaintiffs damage;

(b) Failing to maintain, operate, inspect, and/or repair its stormwater management system in such a manner as to reasonably protect Plaintiffs from the risk of stormwater collecting at the Properties such as to cause flood damage;

(c) Refusing to address and ignoring prior concerns and notice that stormwater was being diverted to the Properties as a result of the stormwater management system with knowledge that it could cause future flooding events to the Properties;

(d) Failing to maintain the stormwater management system in a manner such that stormwater could accumulate at the Properties and be unable to exit the area without causing damage to the Properties;

(e) Failing to investigate properly how the stormwater management system was designed to operate and/or was operating, such that a future risk of flooding was a likely future event.

28. In the aggregate, these actions and/or failures to act by the Township are the proximate cause of damages suffered by Plaintiffs since they acquired the Properties, and will continue to cause damages to Plaintiffs in the future.

29. Further, as a direct and proximate cause of the actions and inactions of the Township identified herein, Plaintiffs suffered significant damage to their Properties including

their homes, have had their quality of life negatively impacted, have suffered significant devaluation of their Properties and will continue to suffer the inability to economically market their Properties, thus having the value of their Properties taken without just compensation by the Township, and causing them to suffer other economic and non-economic damages as a result therefrom.

30. The condition of the stormwater management system is a dangerous condition that caused the damage to Plaintiffs' Properties as set forth herein, and the Township's negligence caused the dangerous condition. Further, the Township had actual and constructive notice of the dangerous condition well prior to the flood events that are the subject of this Complaint.

WHEREFORE, Plaintiffs demand judgment in their favor and against the Township of Cherry Hill for compensatory damages sustained as a result of the direct and indirect physical impacts to the Properties, the devaluation of the Properties, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

**COUNT II – NUISANCE**

31. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

32. The actions and inactions of the Township, as described and averred herein, caused the incursion of significant amounts of stormwater onto Plaintiffs' Properties including the interior of their homes.

33. The actions and inactions of the Township, as described and averred herein, caused unreasonable interference with Plaintiffs' reasonable use and enjoyment of their respective Properties, including but not limited to their living spaces on the first floor of their homes and to

the outside of their Properties, which continue to be repeatedly flooded with stormwater and other undesirable materials.

34. As a direct and proximate result of the Township's actions and inactions, as described and averred herein, Plaintiffs have suffered harm such as significant damage to their respective Properties and homes, have had their quality of life negatively impacted, have suffered significant devaluation of their Properties and will continue to suffer the inability to economically market their property, thus having the value of their Properties taken without just compensation by the Township, and have suffered other economic and non-economic damages as a result therefrom.

35. The inability to live peacefully in their home and maintain a quality of life and quiet enjoyment in their property resulting from the actions and inactions of the Township, and the future probabilities of continued flooding have created a nuisance for which Plaintiffs have suffered as herein alleged.

WHEREFORE, Plaintiffs demand judgment in their favor and against the Township of Cherry Hill for compensatory damages sustained as a result of the direct and indirect physical impacts to the Properties, the devaluation of the Properties, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

**COUNT III – TRESPASS**

36. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

37. The Township's stormwater management system is owned by and was created for the benefit of the Township and its predecessors and successors in interest.

38. The Township controls the stormwater within its stormwater management system.

39. The stormwater management system was designed to artificially accumulate and direct water into the area of the Properties.

40. Such conduct by the Township has the effect of bringing stormwater to the Properties during rain events.

41. But for the Township's conduct and the faulty stormwater management system, stormwater would not have entered and caused the substantial damage to the Properties.

42. The act of allowing stormwater to aggregate, accumulate, enter the Properties and cause physical impact and damage to the Properties is an act of trespass upon the Properties owned by Plaintiffs.

43. As a direct and proximate result of the Township's acts of trespass as described and averred herein, Plaintiffs have suffered harm such as significant damage to their respective Properties including their homes, have had their quality of life negatively impacted, have suffered significant devaluation of their Properties and will continue to suffer the inability to economically market their property, thus having the value of their property taken without just compensation by the Township, and have suffered other economic and non-economic damages as a result therefrom.

WHEREFORE, Plaintiffs demand judgment in their favor and against the Township of Cherry Hill for compensatory damages sustained as a result of the direct and indirect physical impacts to the Properties, the devaluation of the Properties, their quality of life impacts, and recovery of attorneys' fees, costs and interest commensurate with such losses.

**COUNT IV – INVERSE CONDEMNATION**

44. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

45. The physical incursion of the stormwater controlled by the Township and directed toward the Properties has the effect of permanently and substantially reducing the value of each of the Properties.

46. The Township's conduct created a permanent physical and financial impact on the Properties and, by directing stormwater to and onto the Properties, the Township committed a taking of Plaintiffs' property and in so doing, destroyed or substantially destroyed the beneficial use of the Properties and adversely impacted the value of the Properties.

47. The Township's conduct, at all times, was under the color of municipal and state law and the actions and inactions have, therefore, violated, among other things, the State Constitution of New Jersey, the Fifth Amendment of the United States Constitution and 42 U.S.C. §1983.

48. The aforementioned conduct by the Township has effectively taken the Properties from their respective owners without just compensation and as such, the Township's conduct constitutes an inverse condemnation or "taking".

49. The taking of the Properties by the Township has deprived Plaintiffs of the substantial use of their property, has taken and deprived Plaintiffs of the substantial valuation of their property and in so doing, has rendered the Properties unmarketable.

WHEREFORE, Plaintiffs demand judgment in their favor and against the Township of Cherry Hill in an amount representing the full, fair market value of the Properties on the date of the taking, attorneys' fees, costs and interest commensurate with their losses, along with punitive damages and other relief that the Court deems just and proper.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership

BY:/s/ Patrick T. Krenicky
PATRICK T. KRENICKY
*Attorneys for Plaintiffs*

Dated: July 2, 2024

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Plaintiffs hereby designate Patrick T. Krenicky, Esquire as trial counsel for Plaintiffs in this civil action.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues.

**CERTIFICATION PURSUANT TO R. 4:5-1**

The undersigned hereby certifies that to the best of his knowledge and belief, the matter in controversy in this litigation is not the subject of any other action pending in any other court or of a pending arbitration proceeding, nor is another other action or arbitration proceeding contemplated. I know of no other party that should be joined in this action or who is subject to joinder in this action. I recognize the continuing obligation of each party to file with the Court and serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership

BY:/s/ Patrick T. Krenicky
PATRICK T. KRENICKY
*Attorneys for Plaintiffs*

Dated: July 2, 2024

**CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(b)**

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

BY:/s/ Patrick T. Krenicky
PATRICK T. KRENICKY

Dated: July 2, 2024

**CERTIFICATION OF COMPLAINCE WITH R. 1:4-8**

1. I am the attorney for Plaintiffs in this action.
2. I aver that the Complaint and all documents annexed thereto comport with the requirements of R. 1:4-8(a).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

WEIR GREENBLATT PIERCE LLP
A Pennsylvania Limited Liability Partnership

BY: /s/ Patrick T. Krenicky
PATRICK T. KRENICKY
*Attorneys for Plaintiffs*

Dated: July 2, 2024

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-002037-24

**Case Caption:** CAPUTO SALVATORE VS CHERRY HILL TOWNSHIP
**Case Initiation Date:** 07/02/2024
**Attorney Name:** PATRICK T KRENICKY
**Firm Name:** WEIR GREENBLATT PIERCE LLP
**Address:** 35 KINGS HIGHWAY EAST SUITE 200 HADDONFIELD NJ 08033
**Phone:** 8564297750
**Name of Party:** PLAINTIFF : Caputo, Salvatore
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** INVERSE CONDEMNATION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Salvatore Caputo? NO**

**Are sexual abuse claims alleged by: Jacquelin Caputo? NO**

**Are sexual abuse claims alleged by: Miguel Rivera? NO**

**Are sexual abuse claims alleged by: Thanh Bui? NO**

**Are sexual abuse claims alleged by: Hoa Nguyen? NO**

**Are sexual abuse claims alleged by: Christina Morales? NO**

**Are sexual abuse claims alleged by: Abraham Ortiz? NO**

**Are sexual abuse claims alleged by: Heather Barber? NO**

**Are sexual abuse claims alleged by: Mark Barber? NO**

**Are sexual abuse claims alleged by: Jason Hoffman? NO**

**Are sexual abuse claims alleged by: Tiffany Hoffman? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/02/2024
Dated

/s/ PATRICK T KRENICKY
Signed