**BROWN & CONNERY, LLP**
ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

William F. Cook, Esq.
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
wcook@brownconnery.com

October 22, 2024

**Honorable Sharon A. King, U.S.M.J.** **VIA ECF**
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, New Jersey 08101

**Re:** **Caputo v. Township of Cherry Hill**
District of New Jersey Docket No. 1:24-cv-07723 (KMW/SAK)
Our File 24-1318

Dear Judge King:

I represent Defendant Township of Cherry Hill in this matter. In accordance with the Court's requirements, kindly accept this letter as notification of a discovery dispute between the parties.

Plaintiffs are ten (10) residents of five (5) different residential properties in the Township. Plaintiffs allege that their properties are unmarketable, uninhabitable, and useless because the Township allegedly has inversely condemned the properties. Plaintiffs allege that this is due to recent flooding events. The Township denies these allegations and asserts multiple immunities and affirmative defenses.

The properties in question are at the heart of this dispute. Accordingly, and pursuant to Fed. R. Civ. P. 30, the Township requested that portions of each Plaintiff's deposition be conducted at his/her respective residence by video and audio. Note, Rule 30 does not require a court reporter to be present, but that the deposition may be recorded by "audio, audiovisual, or stenographic means."

Because the testimony of each Plaintiff at the very location of any alleged dangerous condition and the very location of all alleged damages is critical, the Township proposed a deposition protocol for review and consent by Plaintiffs. The crux of this dispute is that, upon meeting-and-conferring as to the proposed protocol, Plaintiffs do not agree to the protocol.

The proposed protocol, which is drafted to be reduced to a Consent Order, provides as follows:

1. **The protocol identified in this Consent Order applies to any situation where a Defendant takes a portion of an individual Plaintiff's deposition at that individual's property by video and/or audio means pursuant to Fed. R. Civ. P. 30.**[1]

2. **In any case in which a portion of a deposition is conducted in this manner, the first portion of the deposition shall proceed at a law office in the normal course, with a court reporter present, so that the witness is sworn.**

3. **Travel time to or from the property from the law office shall not be counted towards the 7-hour requirement for depositions.**

4. **Any such portion of a Plaintiff's deposition taken at that Plaintiff's property shall be treated according to same usual rules for depositions, with the following specific additional procedures:**

    a. **Defendant shall be permitted to have a videographer and photographer on site at the property to take video or photographs during the deposition at the property.**

[1] Fed. R. Civ. P. 30(b)(3)(A) provides: "*Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition."

b. **The witness shall not be permitted to confer with his or her counsel at any point between when the witness is sworn and when the deposition concludes. This includes any point after the witness is sworn and before the conclusion of the deposition, including at, around, or *en route* to or from the property. This also applies to any interactions whether on or off the video or audio record after the witness is sworn and before the conclusion of the deposition.**

c. **Once the witness is sworn, and until the deposition concludes, the witness shall not be assisted or aided in his or her testimony by anyone. This includes any point after the witness is sworn and before the conclusion of the deposition, including at, around, or *en route* to or from the property. This also applies to any interactions whether on or off the video or audio record after the witness is sworn and before the conclusion of the deposition.**

d. **Counsel defending the deposition shall be permitted to lodge usual objections on the basis of privilege or as to form. There shall be no speaking objections, narrative statements or any other attempts to direct or influence the witness.**

e. **Defendant shall be permitted to inspect, video, and photograph the property, and any areas relevant to the witness's testimony, during the deposition.**

f. **No persons shall be permitted to attend or observe the portion of the deposition occurring at or around the residence other than counsel, the witness, the videographer, or the photographer.**

g. **Upon completion of that portion of any such deposition at a Plaintiff's property, deposing counsel may continue the deposition at the appropriate law office.**

h. **Nothing in this Consent Order precludes any party from seeking a subsequent inspection, including but not limited to an inspection with a party's expert.**

It is the position of the Township that this protocol is eminently reasonable and appropriate in this case. The properties in question are directly at issue in this matter. Plaintiffs allege not only that damages were sustained as a result of certain flooding, but that the properties continue to be unmarketable and uninhabitable to this very day. Plaintiffs further allege that the damages are continuing, and that the dangerous condition of the Township's stormwater drainage system is also continuing. Plaintiffs will be testifying at this trial extensively about their properties and damages.

The Federal Rules of Civil Procedure clearly accommodate the Township's request for entry of this protocol. As previously stated, Rule 30 permits a deposition to proceed by "audio, audiovisual, or stenographic means." There is no requirement or mandate that a deposition proceed at a law office. Indeed, depositions occur regularly at places of business, places where documents are stored, and various other locations.

It should be emphasized that a request to conduct these depositions in the manner indicated should not be confused with a property inspection that would be conducted by an expert. The Township is entitled to a separate inspection with its expert.

The Township should not be forced to rely on selective photographs taken by Plaintiff when Plaintiffs can easily be questioned at the location of where the alleged dangerous conditions or damages exist.

In meeting-and-conferring on this issue, Plaintiffs' primary concerns were that: (1) there is uncertainty whether the videographer will fairly capture what a Plaintiff may be pointing to or

referring to at the property; or (2) Plaintiffs' counsel may not be able to confer with the witness. Item (2) can be dismissed immediately since Plaintiffs' counsel cannot confer with the witness during a deposition, wherever it occurs. As to Item (1), Plaintiffs' counsel will have every opportunity to address this issue by way of counsel's own examination of the parties. If Defendants elect to play that portion of the video at trial, Plaintiffs' may follow-up with their client(s) on re-direct on whether the videographer fairly depicted the area.

The Court is well-familiar with applicable standards governing discovery, including that pretrial discovery is broad under Rule 26. The Township's request here to conduct these depositions in this matter is more than reasonable and should be permitted. The Township's protocol should be adopted and enforced.

Thank you.

Respectfully submitted,

**BROWN & CONNERY, LLP**

/s/ William F. Cook
William F. Cook, Esquire

WFC/
Enclosure
cc: All Record Counsel ***(via email)***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SALVATORE CAPUTO, et al.**<br>**Plaintiffs,**<br>**v.**<br>**TOWNSHIP OF CHERRY HILL,**<br>**Defendant.** | Civil Action No. 1:24-cv-07723 (KMW/SAK)<br><br>**CONSENT ORDER**<br><br>**PROTOCOL FOR PROPERTY DEPOSITIONS OF INDIVIDUAL PLAINTIFFS** |

**WHEREAS**, Defendant intends to proceed with the depositions of the individual Plaintiffs in this matter; and

**WHEREAS**, the parties have conferred as to certain aspects of these depositions, including that portions of each deposition may take place *via* video and audio pursuant to Fed. R. Civ. P. 30 in or around each Plaintiff's individual residential property; and

**WHEREAS**, the parties request that the Court enter an order defining the protocol that will be utilized for purposes of such portions of these depositions;

**NOW, THEREFORE**, the Court **ORDERS** this _________ day of _____________, 2024 as follows:

1. The protocol identified in this Consent Order applies to any situation where a Defendant takes a portion of an individual Plaintiff's deposition at that individual's property by video and/or audio means pursuant to Fed. R. Civ. P. 30.[1]

[1] Fed. R. Civ. P. 30(b)(3)(A) provides: "*Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition."

2. In any case in which a portion of a deposition is conducted in this manner, the first portion of the deposition shall proceed at a law office in the normal course, with a court reporter present, so that the witness is sworn.

3. Travel time to or from the property from the law office shall not be counted towards the 7-hour requirement for depositions.

4. Any such portion of a Plaintiff's deposition taken at that Plaintiff's property shall be treated according to same usual rules for depositions, with the following specific additional procedures:

    a. Defendant shall be permitted to have a videographer and photographer on site at the property to take video or photographs during the deposition at the property.

    b. The witness shall not be permitted to confer with his or her counsel at any point between when the witness is sworn and when the deposition concludes. This includes any point after the witness is sworn and before the conclusion of the deposition, including at, around, or *en route* to or from the property. This also applies to any interactions whether on or off the video or audio record after the witness is sworn and before the conclusion of the deposition.

    c. Once the witness is sworn, and until the deposition concludes, the witness shall not be assisted or aided in his or her testimony by anyone. This includes any point after the witness is sworn and before the conclusion of the deposition, including at, around, or *en route* to or from the property. This also applies to any interactions whether on or off the video or audio record after the witness is sworn and before the conclusion of the deposition.

d. Counsel defending the deposition shall be permitted to lodge usual objections on the basis of privilege or as to form. There shall be no speaking objections, narrative statements or any other attempts to direct or influence the witness.

e. Defendant shall be permitted to inspect, video, and photograph the property, and any areas relevant to the witness's testimony, during the deposition.

f. No persons shall be permitted to attend or observe the portion of the deposition occurring at or around the residence other than counsel, the witness, the videographer, or the photographer.

g. Upon completion of that portion of any such deposition at a Plaintiff's property, deposing counsel may continue the deposition at the appropriate law office.

h. Nothing in this Consent Order precludes any party from seeking a subsequent inspection, including but not limited to an inspection with a party's expert.

____________________________________
Sharon A. King, U.S.M.J.

**ALL PARTIES hereby agree to the form and entry of the above order.**

**WEIR GREENBLATT PIERCE LLP**
*Attorneys for Plaintiffs*

__________________________
Patrick T. Krenicky, Esquire

**BROWN & CONNERY LLP**
*Attorneys for Township of Cherry Hill*

__________________________
William F. Cook, Esquire