WGP Weir Greenblatt Pierce LLP

A Pennsylvania Limited Liability Partnership

PENNSYLVANIA • NEW JERSEY • DELAWARE • NEW YORK

1339 CHESTNUT STREET • SUITE 500
PHILADELPHIA, PA 19107
(215) 665-8181
(215) 665-8464 FAX
WGPLLP.com

Patrick T. Krenicky
Member of PA and NJ Bars

Direct Dial (215) 241-7736
E-mail: pkrenicky@wgpllp.com

October 31, 2024

***Via ECF***

Honorable Sharon A. King, U.S.M.J.
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3B
Camden, NJ 08101

**Re: Caputo, et al. v. Cherry Hill Township**
**Civil Action No. 1:24-cv-07723**

Dear Judge King:

This law firm represents the Plaintiffs in connection with the above-referenced action. Kindly accept this letter in response to Cherry Hill Township's (the "Township") notification of a discovery dispute.

Plaintiffs are six (6) households. They reside in homes they own in the Township. They have each experienced significant and repeated flooding of their properties and homes, of stormwater and debris, during routine rainfalls. The Township has taken no action to remedy its drainage system which, Plaintiffs allege, is causing this flooding. Plaintiffs have brought claims against the Township for negligence/dangerous condition, nuisance and trespass. Plaintiffs also assert a claim against the Township for inverse condemnation. Plaintiffs allege, among other things, that the Township's conduct (or lack thereof) in allowing and/or directing the stormwater it controls onto Plaintiffs' properties constitutes a taking, and that the taking has deprived Plaintiffs of the substantial valuation of their properties and has rendered the Plaintiffs' properties

unmarketable. To be clear, and to correct a statement made by the Township, Plaintiffs **do not allege** that their properties are "uninhabitable" or "useless".

This discovery dispute is **not** about Plaintiffs prohibiting an inspection of their properties by both the Township's attorneys and the Township's experts. The dispute is **not** about the Plaintiffs prohibiting the Township from having a videographer and photographer present during the property inspection(s). And, this dispute is **not** about the Plaintiffs refusing to sit for their depositions and providing sworn testimony. What this dispute is about is that the Township seeks to conduct ten (10) on-site property inspections with its videographer and photographer, while simultaneously conducting a roving deposition of each Plaintiff who, while being deposed, is supposed to give Township's counsel, the videographer and photographer, a tour of his/her house and property.

Plaintiffs have explained to the Township that (1) they are willing to grant the Township and the Township's experts access to their properties to conduct an inspection; (2) they will allow the Township to have a videographer and photographer present for each of the inspections; (3) they will sit for depositions in the usual course, *i.e.,* in a chosen venue with the protections of the formalities regularly present at a party's discovery deposition; and (4) the Township can determine the order it chooses to conduct each discovery technique. But, the Plaintiffs do not consent to having depositions taken at their home *via* audio means (that is, *via* a recording without a stenographer), while simultaneously walking counsel and/or the Township's expert around their homes and properties, all while video and photos are being taken. The Township's proposed protocol is neither reasonable nor appropriate; to the contrary, it is overly burdensome to Plaintiffs

and does not afford Plaintiffs the protections afforded by the procedures set forth in Rule 30 of the Federal Rules of Civil Procedure to help promote accuracy and reliability.

Rule 30 of the Federal Rules directs the manner in which a deposition is to be conducted, including provisions related to the methods of recording the testimony, the administration of the oath or affirmation to the deponent, the statement of objections, the duration of the deposition, the use of documents during the deposition, etc. The Township seeks to conduct the depositions at the Plaintiffs' homes, which Rule 30 does not prohibit. Fed.R.Civ.P. 30(b)(1) ("A party who wants to depose a person … must give reasonable written notice … [which] must state the time and place of the deposition …."). However, Rule 30 certainly does not suggest that the deponent be required to provide a tour of the "place of the deposition" or subject the deponent to a roving deposition while giving such tour. The reason is simple: the burden placed on the deponent in accommodating such a roving deposition far outweighs the degree to which the proposed combined deposition-inspection will aid in the search for the truth. *See National Manufacturing Co., Inc. v. Janed Enterprises, Inc.*, 2013 WL 12470870 *1, Civ. Action No. 13-314 (U.S.Dist.Ct. Dist. NJ Jul. 3, 2013) *quoting Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (observing, in the context of a Rule 34 inspection, that "the search for the truth must be balanced against the burdens and dangers created by the inspection.").

Adding to the burdens the Township seeks to impose on Plaintiffs, the Township's protocol for conducting the depositions lacks accuracy and reliability. The protocol is unreliable because the Plaintiffs' counsel will be unable to verify, in real time, whether the videographer is actually videotaping the areas, places and things being pointed out by the Plaintiffs. Explaining further, the videographer **is not** videotaping the deposition; instead, the videographer will be videotaping the

"inspection/tour" and, *supposedly*, areas of the Plaintiffs' homes and property that Plaintiffs point out as being locations where flooding has occurred, locations which were damaged by flooding, locations where repairs were undertaken by the Plaintiffs, etc. But, since Plaintiffs' counsel is not able to review the video as it is being taken, counsel is unable to confirm that the videographer is actually and accurately capturing the locations, places and things being pointed out by the Plaintiffs. It will be nearly impossible for Plaintiffs' counsel to piece together the video and the audio and/or the transcript from the audio, *after the deposition,* to determine if the videographer accurately captured everything that Plaintiffs were identifying. Furthermore, in order to protect Plaintiffs and the record, Plaintiffs' counsel will need to raise numerous objections resulting in a lengthier and more contentious deposition.

The Township has failed to demonstrate why other means of discovery would not yield evidence equally helpful and relevant without imposing the burdens and dangers to which Plaintiffs will be subject with roving depositions-inspections including video and photographs. The discovery is obtainable in a more convenient and less burdensome manner. The information sought is far more easily and reliably obtained in the *judicial atmosphere* surrounding a traditional deposition (than in an *inspection atmosphere*), where Township's counsel is free show the Plaintiffs photographs or question the Plaintiffs about photographs and videos they produced. Although the Federal Rules do not prescribe the order or preference for discovery techniques, one method cannot arbitrarily be demanded over another simply because it is less burdensome to the party seeking the discovery. *Becker,* 588 F.2d at 910. Traditional depositions do much to identify the items of discovery, while maintaining the accuracy and reliability contemplated by Rule 30. There is no reason the Township should not engage in other methods of discovery such as written

interrogatories and document requests, traditional, in-office depositions and *separate* videotaped and/or photographed site inspections by the Township's counsel and/or experts, etc.

The Township's proposed protocol is overly burdensome, fails to ensure accuracy and reliability, and the discovery can be obtained in a more convenience and less burdensome manner. Entry upon a party's premises to conduct an inspection is governed by Rule 34 of the Federal Rules. Indeed, Rule 34 permits entry upon "land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property … within the scope of Rule 26(b)." This is exactly what the Township's counsel appears to be asking for. Since such inspections may entail greater burdens and risks, the general relevancy standard of Rule 26(b)(1) is not sufficient; instead, the Court is required to balance the need for the inspection against the burdens and dangers created by the inspection. *National Manufacturing Co.*, *1-2, *citing Belcher, supra.; McConnell v. Canadian Pacific Realty,* 280 F.R.D. 188, 191 (M.D. Pa. 2011); *U.S. Territory of the Virgin Islands,* 280 F.R.D. 232, 235 (D.V.I. 2015).

Here, the balance weighs in favor of denying the Township's request for the adoption and enforcement of a "deposition protocol." That said, an approach that Plaintiffs find reasonable and acceptable, and to which they would agree, is the exchange of written discovery responses, a property inspection by the Township's Counsel and experts, the taking of video and photographs by the Township's technicians, and then use of such video and photographs at Plaintiffs' depositions, conducted in a traditional setting. Plaintiffs also agree to the exchange of written discovery responses, in-office depositions and then property inspections by the Township's counsel and experts, along with video and photographs.

Respectfully submitted,

Patrick T. Krenicky, Esquire
Robert Sokolove, Esquire
*Attorneys for Plaintiffs*

cc: All Counsel of Record (*via ECF*)